**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Piya Mukherjee (Bar No. 274217)
Victoria B. Rivapalacio (Bar No. 275115)
Charlotte James (Bar No. 308441)
Andrew G. Ronan (Bar No. 312316)
2255 Calle Clara
San Diego, CA 92037
Phone: (858) 367-9913
Fax:   (858) 551-1232

Attorneys for Plaintiff

Shannon Bettis Nakabayashi (State Bar No. 215469)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:     Shannon.Nakabayashi@jacksonlewis.com

Isabella L. Shin (State Bar No. 294937)
JACKSON LEWIS P.C.
160 W. Santa Clara Street, Suite 400
San Jose, CA 95113
Telephone:  (408) 579-0404
Facsimile:  (408) 454-0290
E-mail:     Isabella.Shin@jacksonlewis.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYAS WAZIRI, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOEHRINGER INGELHEIM FREMONT, INC., and DOES 1-50, inclusive<br><br>Defendant. | Case No. 3:25-CV-04166-TLT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Conference Date: August 14, 2025<br>Conference Time: 2:00 PM<br><br>Complaint Filed:  March 28, 2025<br>Removal Filed:    May 14, 2025<br>Trial Date:       None Set |

Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Elyas Waziri ("Plaintiff") and Defendant Boehringer Ingelheim Fremont, Inc. ("Defendant") (collectively, the "Parties") jointly submit this Joint Case Management Conference Statement in advance of the Case Management Conference currently set for August 14, 2025.

1. **Jurisdiction & Service**

On March 28, 2025, Plaintiff filed his putative wage and hour class action complaint ("Class Action") against Defendant in the Superior Court of the State of California for the County of Alameda. On May 14, 2025, Defendant removed the matter to the United States District Court, Northern District of California, under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, 1146 and 1453 (Dkt No. 1). All parties have been served.

On June 13, 2025, Plaintiff filed a Motion for Remand. Defendant filed its Opposition on July 1, 2025 and maintains that jurisdiction exists pursuant to CAFA in that (1) the amount placed in controversy in the Class Action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendant in this matter as Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Connecticut. The hearing on Plaintiff's Motion for Remand is currently scheduled for August 12, 2025.

2. **Facts**

Plaintiff's Position

Plaintiff was employed by Defendant in California and was classified as a non-exempt employee entitled to overtime pay and meal and rest periods. Plaintiff brings this putative class action on behalf of a class of individuals who are or were employed by Defendant, including any employees staffed with Defendant by a third party, and

classified as non-exempt employees at any time during the time period beginning March 28, 2021 through a date as determined by the Court ("Class Members").

Plaintiff alleges Defendant failed to accurately calculate and pay Plaintiff and Class Members for their minimum and overtime wages. Plaintiff also asserts that Defendant did not provide Plaintiff and Class Members with all legally required meal and rest periods, or their corresponding premium payments, nor were Plaintiff and Class Members provided with accurate itemized wage statements. Further, Plaintiff alleges that Defendant failed to accurately calculate their regular rate of pay for purposes of overtime compensation by failing to include non-discretionary incentive compensation. Plaintiff maintains that these claims are amenable to classwide treatment under Fed. R. Civ. P. 23.

Defendant's Position

Defendant denies all of Plaintiff's allegations, and further denies that he, or any of the alleged putative class members were injured in any amount whatsoever. Defendant asserts that it complied with all applicable laws and that the Plaintiff and the alleged putative class members were paid correctly. Moreover, Plaintiff and the class members have executed valid and binding arbitration agreements.

3. **Legal Issues**

Plaintiff's Position

Plaintiff contends the principal issues in these cases include the following: (a) whether Defendant's conduct constituted an act, or acts, of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200; (b) whether Defendant failed to pay Plaintiff and the proposed Class the correct minimum wage(s) for time worked; (c) whether Defendant failed to compensate Plaintiff and the proposed Class for all time worked, including overtime, and at the correct rate of pay; (d) whether Defendant failed to provide Plaintiff and the proposed Class with meal and rest periods within the meaning of the Cal. Labor Code §226.7; (e) whether Defendant failed to provide Plaintiff and the proposed Class wage statements

in compliance with California Labor Code section 226; (f) whether Defendants failed to reimburse Plaintiff and the proposed class for reasonable business expenses in violation of Cal. Labor Code § 2802; (g) whether Defendant failed to provide wages when due in violation of Cal. Labor Code §§201-203; (h) whether Defendants failed to pay Plaintiff and the proposed Class sick pay wages in violation of Cal. Labor Code §§201-204, 233, 246; (i) whether Plaintiff has satisfied his burden to demonstrate that the claims are appropriate for class treatment under Fed. R. Civ. P. 23; and (j) whether Plaintiff and the proposed Class are entitled to unpaid wages, restitution, penalties, injunctive relief, interest, and/or statutory penalties, and, if so, the amount of relief to which they are entitled.

<u>Defendant's Position</u>

The disputed legal issues include:

(1)  Whether Plaintiff's claims are subject to binding arbitration.

(2)  Whether Defendant engaged in unfair and unlawful business practices in violation of California Business and Professions Code sections 17200, et seq.;

(3)  Whether Defendant failed to pay overtime and minimum wage in violation of California Labor Code sections 510, 1194, 1197, and 1197.1;

(4)  Whether Defendant failed to provide meal and rest breaks in violation of California Labor Code sections 226.7 and 512;

(5)  Whether Defendant failed to furnish accurate wage statements in violation of California Labor Code section 226;

(6)  Whether Defendant failed to reimburse necessary business expenses in violation of California Labor Code section 2802;

(7)  Whether Defendant failed to timely pay wages due upon termination in violation of California Labor Code sections 201, 202, and 203;

(8)  Whether Defendant failed to pay sick pay in violation of California Labor Code sections 201-203, 233, and 246;

(9) Whether there is legal or factual merit to Plaintiff's regular rate claim;

(10) Whether, even assuming any Labor Code violations, Defendant acted in good faith;

(11) Whether Plaintiff can certify and maintain this action as a class action;

(12) Whether Plaintiff is entitled to any damages whatsoever;

(13) Whether Plaintiff is entitled to statutory or civil penalties;

(14) Whether Plaintiff is entitled to attorneys' fees, where applicable; and

(15) Whether Plaintiff is entitled to costs of suit.

## 4. Motions

Plaintiff's Position

Plaintiff anticipates filing a Motion for Class Certification. Plaintiff respectfully requests the Court defer setting any deadlines for Plaintiff's Motion for Class Certification until after the Parties attend private mediation on April 1, 2026.

Defendant's Position

First, Defendant intends to oppose any Motion for Class Certification and also respectfully requests that the Court defer setting any class certification deadlines until after the Parties complete mediation on April 1, 2026 to give the Parties time to focus on mediation.

Second, if the Parties are unable to settle the matter at private mediation, Defendant intends on filing a Motion to Compel Arbitration to enforce the arbitration agreement between Plaintiff and Defendant.

Lastly, Defendant anticipates filing a motion for summary judgment, or, in the alternative, for summary adjudication of issues.

## 5. Amendment of Pleadings

No amendments are contemplated at this time.

## 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred

pursuant to Fed. R. Civ. P. Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The Parties have conferred pursuant to Fed. R. Civ. P. 26(f). The Parties will exchange initial disclosures on August 7, 2025.

**8. Discovery**

Plaintiff's Position

On July 15, 2025, Plaintiff propounded an initial round of written discovery seeking information regarding the allegations set forth in the complaint, including, but not limited to, Defendant's meal and rest break policies, compensation policies, expense reimbursement policies, time recording and tracking policies, employee handbooks, schedules, job descriptions, training documents, and Defendant's expectations of Plaintiff and the putative class members. Plaintiff seeks the production of payroll and time records for the putative class members in searchable, spreadsheet format. Additionally, Plaintiff seeks the production of the putative class member contact information pursuant to the protections of a protective order and/or the issuance of a *Belaire-West* notice.

Plaintiff believes that discovery should not be phased, especially due to the overlap of class and merits issues, to avoid delays in moving this matter forward.

Following this initial round of discovery, Plaintiff will take the deposition of Defendant's corporate designee pursuant to Fed. R. Civ. Proc. 30(b)(6). To the extent necessary, Plaintiff will take the depositions of other employees of Defendant based on the progress of discovery.

Defendant's Position

Defendant maintains that discovery should be stayed until the Parties have completed private mediation. Once discovery commences, Defendant anticipates (1) propounding written discovery; and (2) deposing Plaintiff and any other witness disclosed by Plaintiff. Defendant also requests that any production of putative class

member contact information and employment data be tailored to a reasonable sample that is proportionate to the cost and needs of this case.

**9.   Class Actions**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements. Because an initial round of discovery has not yet been completed, and because the Parties have agreed to attend private mediation on April 1, 2026, the Parties believe that setting class certifications deadlines is premature at this stage.

**10.  Related Cases**

Plaintiff's Position

Plaintiff is unaware of any related cases.

Defendant's Position

On May 30, 2025, Defendant was served with a class action filed by Darin Valencia on April 30, 2025 in the Superior Court for the County of Alameda, Case No. 25CV121239, *Darin Valencia v. Boehringer Ingelheim Fremont, Inc. et al.* On June 30, 2025, Defendant removed that action to the United States District Court for the Northern District of California, where it is currently pending before the Honorable Edward M. Chen, USDC Case No. 3:25-cv-05491-EMC. The lawsuit alleges similar wage and hour claims, seeks to represent a similar putative class of current and former employees of Defendant and covers a similar time period.

**11.  Relief**

Plaintiff's Position

Plaintiff seeks to recover unpaid wages, compensatory damages, liquidated damages, monetary penalties, monetary restitution, fees, costs, interest and pursues injunctive relief on their own behalf and on behalf of the putative Rule 23 class.

Defendant's Position

Defendant prays that Plaintiff takes nothing by way of his Complaint and that his Complaint be dismissed with prejudice or judgment otherwise entered in Defendant's

favor. Defendant also seeks an award of its reasonable costs and attorneys' fees, and for any other relief that the Court deems appropriate.

**12.  Settlement and ADR**

The Parties have agreed to attend early private mediation on April 1, 2026 with qualified wage and hour mediator Monique Ngo-Bonnici. The selected date was the earlies date that the Parties and the mediator were available.

**13.  Other References**

The Parties do not believe this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**14.  Narrowing of Issues**

The Parties do not currently have suggestions relating to the narrowing of issues.

**15.  Scheduling**

Other than an initial ADR deadline, Plaintiff asserts that setting a specific schedule at this time is premature given that a first round of discovery has not yet been completed, the Parties have agreed to attend private mediation, and Plaintiff's motion for class certification will affect the ultimate trajectory and timeline for this case. As a result, the Parties propose the following dates:

Completion of initial ADR:  April 1, 2026

Designation of experts:  To be determined following mediation.

Discovery cutoff: To be determined following mediation.

Hearing of dispositive motions:  To be determined following mediation.

Pretrial conference and trial:  To be determined following mediation.

**16.  Trial**

Plaintiff's Position

Plaintiff has demanded a jury trial.  Estimating the number of days for trial is difficult at this time, as this determination depends on whether class certification is granted and, if so, the nature of the class for which certification is granted.  Nonetheless, Plaintiff estimates the trial length to be 5-7 days.

<u>Defendant's Position</u>

Plaintiff has demanded a jury trial. Defendant cannot reasonably estimate the length of trial at this time.

**17.  <u>Disclosure of Non-party Interested Entities or Persons</u>**

Plaintiff is presently unaware of individuals or entities who would have a direct pecuniary interest in the outcome of this matter. Defendant filed its disclosure of interested parties on May 14, 2025.

**18.  <u>Professional Conduct</u>**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.  <u>Other</u>**

The Parties do not have other matters to address at this time.

Respectfully submitted,

Dated: August 7, 2025  **BLUMENTHAL, NORDREHAUG, BHOWMIK, DE BLOU, LLP**

By: */s/ Andrew Ronan*
Piya Mukherjee
Victoria B. Rivapalacio
Charlotte James
Andrew G. Ronan

Attorneys for Plaintiff

Dated: August 7, 2025  **JACKSON LEWIS P.C.**

By: */s/ Isabella L. Shin*
Shannon B. Nakabayashi
Isabella L. Shin

Attorneys for Defendant

In compliance with N.D. Ca. Civ. L.R. 5-1(i)(3), the filer attests that the signatory listed above concurs in the content of this document and has authorized its filing.